*Id.* (quoting *United States v. Clements*, 471 F.2d 1253, 1254 (9th Cir.1972)). As discussed above, this clear indication of intent to authorize multiple punishments is lacking under § 922(g)(1).

Therefore, upon remand, the government may only seek to convict and sentence Keen for one violation of § 922(g)(1).

## CONCLUSION

Once the district court learned of Keen's desire to proceed *pro se*, it was required to fully inform him in some manner of the nature of the charges against him, the possible penalties, and the dangers of self-representation. The colloquy which took place was inadequate to this task. Therefore, it cannot be said that Keen's waiver of counsel was

knowing and intelligent and a new trial must be held.[14]

We further hold that the district court did not err in precluding Keen's use of the insanity defense, as Keen's proffered evidence was insufficient on its face to prove that he was unable to appreciate the nature and quality or the wrongfulness of his actions. The government has conceded that knowledge is an element of all charges brought under 26 U.S.C. § 5861(d), so we trust that an adequate instruction will be given to the jury at the retrial. Under the facts of this case, however, the rule of lenity compels us to conclude that the district court erred when it sentenced Keen twice for simultaneously possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

Reversed and remanded.

**Thomas NEVIUS, Petitioner,**

v.

**E.K. McDANIEL, Warden of the Nevada State Prison at Ely, et al., Respondents.**

**No. 96–80322.**

United States Court of Appeals, Ninth Circuit.

Nov. 27, 1996.

Order Clarifying Decision
Dec. 11, 1996.

Ordered Published Jan. 15, 1997.

---

**14.** Keen argues correctly that the evidence has to have been sufficient in order for him to be retried. However, we find no merit in Keen's arguments that there was insufficient evidence to support his conviction of the bank robbery counts.

Before: CANBY, BOOCHEVER and KLEINFELD, Circuit Judges.

The court has considered the motion of petitioner Thomas Nevius for leave to file a second petition for habeas corpus pursuant to 28 U.S.C. § 2244(b)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. The court has also considered the opposition thereto filed by the respondent, and has heard oral argument on the motion.

■ Petitioner Nevius, having made a prima facia showing that the reasonable doubt instruction rendered in this trial is invalid under a new rule of constitutional law and that the rule has been made retroactive to cases on collateral review by the Supreme Court, see 28 U.S.C. § 2244(b)(2)(A).

The motion of petitioner Nevius is **GRANTED**. Petitioner Nevius is hereby authorized to file a second petition for habeas corpus pursuant to 28 U.S.C. § 2244.

## ORDER

Dec. 11, 1996

The motion of respondents for clarification of this court's order of November 27, 1996, is GRANTED.

■ The relevant provision of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b)(3)(C), states that this court "may authorize the filing of a second or successive application * * * if it determines that the application makes a prima facie showing that the application satisfies the requirements of this [section]." Although the provision arguably is subject to the interpretation that this court is to authorize only those claims meeting the requirements of § 2244, we conclude that the proper procedure under the statute is for this court to authorize the filing of the entire successive application.

Section 2244(b)(3) refers only to our granting or denying "an application." This provision is to be contrasted with section 2244(b)(4), which provides that "[a] district court shall dismiss *any claim* presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." (Emphasis supplied). Thus, the district court is directed to address, claim by claim, the entire application authorized by this court.

Our authority to authorize "an application" under section 2244(b) is also to be contrasted with our authority to issue a certificate of appealability under section 2253. In the latter case, "[t]he certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(3). There is no comparable restriction governing our authorization of successive applications for habeas corpus under section 2244(b).

We conclude, therefore, that our authorization permits Nevius to file his entire application in the district court. Indeed, it is likely in many cases that this court's authorization of a successive petition, which must be issued within 30 days after filing of the applicant's

motion, see § 2244(b)(3)(D), will be issued without explanation. We offered an explanation in our order of November 27, 1996, merely for the guidance of the district court, and not to preclude Nevius from filing his entire successive application in that court.