Miguel REYES, Petitioner,

v.

Te VAUGHN, Warden, Respondent.

No. CV 03–410–SVW AJW.

United States District Court,
C.D. California,
Western Division.

July 31, 2003.

Miguel Reyes, Blythe, CA, Pro se.

Russell A. Lehman, CAAG - Office of Attorney General of California, Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

WILSON, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the entire record in this action, and the attached Report and Recommendation of Magistrate Judge ("Report"). No objections to the Report have been filed within the time allowed. Good cause appearing, the Court concurs with and adopts the findings of fact, conclusions of law, and recommendations contained in the Report.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

WISTRICH, United States Magistrate Judge.

On January 16, 2003, petitioner filed this petition for a writ of habeas corpus by a person in state custody. On May 15, 2003, respondent filed an answer alleging, among other things, that the petition must be dismissed as second or successive. For the following reasons, the petition should be dismissed for lack of jurisdiction.

### Background [1]

On November 3, 1995, petitioner was convicted of one count of sexual battery, one count of forcible rape, and one count of assault with great bodily injury. He was sentenced to state prison for a term of 21 years. [Petition at 3].

Petitioner appealed to the California Court of Appeal, which affirmed the judgment on August 13, 1997. [Petition at 3]. He then filed a petition for review in the California Supreme Court, which was denied on October 29, 1997. [Petition at 4].

Petitioner did nothing until sometime during the year 2000, when he filed a habeas petition in the California Supreme Court, which was denied on March 28, 2001. [Petition at 4–5; Petitioner's Response at 1–2].

Petitioner previously filed a federal petition in this Court. [Case No. CV01–3186–SVW(AJW)]. On July 11, 2001, that petition was dismissed with prejudice as barred by the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

Before the Court is petitioner's second habeas petition challenging petitioner's 1995 conviction in Case No. BA11036 in the Los Angeles Superior Court. For the following reasons, the petition should be dismissed.

### Discussion

■ A habeas petitioner is generally required to present all of his or her grounds for relief simultaneously rather than serially. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, a petitioner may not file a second or successive petition in this court without obtaining prior permission from a three-judge panel of the Ninth Circuit Court of Appeals.

■ As explained by the Supreme Court, section 2244(b)(3)(A) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Felker v. Turpin,* 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *see also Nevius v. McDaniel,* 104 F.3d 1120, 1121 (9th Cir.1996) (discussing procedures for obtaining authorization to file a second or successive petition from the Ninth Circuit); *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir.1996) (holding that the district court must dismiss a second or successive petition unless the court of appeals approved its filing); *Williams v. Stegall,* 945 F.Supp. 145, 147–148 (E.D.Mich.1996) (explaining that the failure to obtain authorization to file a second or successive petition from the court of appeals deprives the district court of subject matter jurisdiction).

---

1. Some of the following facts are obtained by reference to official court files, of which the Court takes judicial notice. *See* Fed.R.Evid. 201; *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9thCir.2001); *Mack v. South Bay Beer Distributors Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986).

■ A second or subsequent petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason rather than on the merits. *See Slack v. McDaniel,* 529 U.S. 473, 485–487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that a habeas petition which is filed after a prior habeas petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a "second or successive petition"); *Stewart v. Martinez–Villareal,* 523 U.S. 637, 643–645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (explaining that a claim raised for a second time after the first claim was dismissed by the district court as premature was not a "second or successive" petition under section 2244(b)(3)(A)); *Sanders v. United States,* 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) (reversing the district court's dismissal of a second motion pursuant to 28 U.S.C. § 2255 as successive, and holding that the district court should have granted a hearing on the second section 2255 motion where the first motion was denied on the ground that it stated only conclusions with no facts upon which conclusions could be based, because such a denial is not an adjudication of the merits); *In re Turner,* 101 F.3d 1323, 1323 (9th Cir.1996) (holding that section 2244(b) does not apply to a second or subsequent habeas petition where the first petition was dismissed without prejudice for failure to exhaust state remedies).

■ As discussed, petitioner's prior federal habeas petition was denied on the ground that it was barred by the AEDPA's one-year period of limitation. Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See, e.g., Cate v. Ayers,* 2001 WL 1729214, at *4 (E.D.Cal.2001) (stating that "the law is clear that a dismissal on statute of limitations grounds . . . operates as a final judgment on the merits," and holding that a federal petition was successive within the meaning of section 2244(b)(3)(A) because the petitioner previously had filed a federal petition that was dismissed as untimely); *United States v. Casas,* 2001 WL 1002511, at *2 (N.D.Ill. 2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals); *see generally Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing Fed.R.Civ.P. 41(b) and *United States v. Oppenheimer,* 242 U.S. 85, 87–88, 37 S.Ct. 68, 61 L.Ed. 161 (1916)); *In re Marino,* 181 F.3d 1142, 1144 (9th Cir.1999) (explaining that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits"); *Ellingson v. Burlington Northern Inc.,* 653 F.2d 1327, 1330 n. 3 (9th Cir. 1981) ("A judgment based on the statute of limitations is 'on the merits.' ") (citing *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972)).

Because petitioner previously filed a federal habeas petition challenging his 1995 conviction that was denied "on the merits"

rather than on procedural grounds, this new petition constitutes "a second or successive petition." As a result, petitioner is required to move in the Ninth Circuit Court of Appeals for an order authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.[2]

Finally, to the extent that petitioner would like to try to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court. *See* 28 U.S.C. § 2244(b)(3)(A) & (C).

For the foregoing reasons, this Court lacks jurisdiction to consider the petition, and the petition should be dismissed without prejudice to petitioner's right to seek the necessary authorization from the Ninth Circuit.

### Recommendation

It is recommended that judgment be entered dismissing the petition without prejudice for lack of jurisdiction.

June 27, 2003.

---

**2.** Petitioner does not allege that he sought and received permission from the Ninth Circuit to file this petition. Of course, if he has obtained such permission, he should alert the Court by so indicating in his objections to this report and recommendation. Plaintiff should attach a copy of the Ninth Circuit's authorization, if any, to his objections.