Raymond OLVERA, Petitioner,

v.

Terri GONZALES, Respondent.

Case No. CV 11–451 TJH(JC).

United States District Court,
C.D. California.

May 20, 2011.

Raymond Olvera, San Luis Obispo, CA, pro se.

Charles S. Lee, Office of the Attorney General, Los Angeles, CA, for Respondent.

ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

TERRY J. HATTER, JR., Senior District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), all of the records herein, and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the United States Magistrate Judge's Report and Recommendation.

IT IS ORDERED that the Petition is denied and this action is dismissed without prejudice because it is successive, petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition, and this Court lacks jurisdiction to consider it.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22–3(a).

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the United States Magistrate Judge's Report and Recommendation, and the Judgment herein on petitioner and on any counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

### JUDGMENT

Pursuant to this Court's Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge.

IT IS ADJUDGED that the Petition for Writ of Habeas Corpus by a Person in State Custody is denied and this action is dismissed without prejudice.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

JACQUELINE CHOOLJIAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Terry J. Hatter, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

### I. SUMMARY

On December 15, 2010, Raymond Olvera ("petitioner"), a California state prisoner proceeding *pro se,* signed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (the "Current Federal Petition"), which was formally filed on January 14, 2011. In the Current Federal Petition, construed liberally, petitioner challenges convictions in the Santa Barbara County Superior Court, essentially asserting: (1) the trial court exceeded its jurisdiction by deciding, for purposes of determining the applicability of California Penal Code section 654, that petitioner harbored more than one objective in committing the offenses at issue; (2) a fundamental miscarriage of justice occurred when the trial court failed *sua sponte* to instruct the jury on two defense theories; (3) the Superior Court's denial of petitioner's state habeas petition was erroneous in multiple respects; and (4) petitioner's trial counsel was ineffective in failing to request obvious defense instructions.

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition should be denied and this action should be dismissed

without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court should be directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22–3(a).[1]

## II. PROCEDURAL HISTORY [2]

### A. State Proceedings

On January 18, 1989, in Case No. SM59539 (the "Underlying State Case"), a Santa Barbara County Superior Court jury convicted petitioner of robbery and kidnapping for robbery. The jury also found true allegations that petitioner personally used a knife in the commission of the robbery and kidnapping for robbery.

On July 24, 2989, the trial court sentenced petitioner to state prison for life with the possibility of parole on the kidnapping for robbery charge, one year on the deadly weapon enhancement regarding the kidnapping, and six years for prior convictions, with all terms to run consecutively. The trial court stayed the sentences imposed on the robbery charge and deadly weapon enhancement associated with the robbery.

On October 9, 1990, in Case No. B041654, the California Court of Appeal affirmed and modified the judgment.[3] Petitioner did not file a petition for review in the California Supreme Court.

On June 23, 1994, petitioner signed a petition for writ of habeas corpus which was formally filed in the California Supreme Court in Case No. S040708 on June 29, 1994, and which was denied on September 7, 1994, with a citation to *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949).

On March 26, 1996, petitioner signed a petition for writ of habeas corpus which was formally filed in the California Supreme Court in Case No. S052635 on March 29, 1996, and which was denied on May 29, 1996, with citations to *In re Waltreus,* 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965), *In re Lindley,* 29 Cal.2d 709, 723, 177 P.2d 918 (1947), and *In re Dixon,* 41 Cal.2d 756, 769, 264 P.2d 513 (1953).

On February 24, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal in Case No. B222444, which was denied on March 2, 2010.

On April 12, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court in Case No.

---

1. Ninth Circuit Rule 22–3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition ... in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254.... If a second or successive petition ... is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

2. Unless otherwise indicated, the facts and procedural history set forth in this section are derived from state pleadings lodged by respondent on March 21, 2011, California Court of Appeal and California Supreme Court

dockets available via www.appellatecases.courtinfo.gov., and/or court records in the Central District of California in the following case of which the Court takes judicial notice: *Raymond Sanchez Olvera v. K.W. Prunty, Warden, et al.,* No. CV 96–4654 (the "First Federal Action"). *See* Fed.R.Evid. 201; *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir.1980) (court may take judicial notice of its own records in other cases).

3. The Court of Appeal ordered stricken a five year sentencing enhancement for a prior conviction imposed pursuant to California Penal Code section 667(a).

S181818, which was denied on November 10, 2010 with citations to *In re Robbins,* 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998), *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), and *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949).

### B. First Federal Action

On June 17, 1996, petitioner signed a Petition for Writ of Habeas Corpus ("First Federal Petition") in the First Federal Action which was formally filed on July 3, 1996. *See supra* note 2. In the First Federal Petition, petitioner challenged his convictions and sentence in the Underlying State Case, essentially asserting: (1) the evidence was insufficient to support his conviction of kidnapping for robbery; (2) the trial court erred in allowing the prosecutor to impeach a witness and elicit evidence that was inadmissible and prejudicial; and (3) prosecutorial misconduct in closing argument deprived him of a fair trial.

On December 26, 1996, judgment was entered denying the First Federal Petition, dismissing the First Federal Action with prejudice as to petitioner's first and second claims for relief because they had been procedurally defaulted, and without prejudice as to petitioner's third claim for relief which was unexhausted. Petitioner did not appeal.

### C. Current Federal Petition

As noted above, on January 14, 2011, petitioner formally filed the Current Federal Petition in which he again challenges the judgment in the Underlying State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

4. A search of the court's PACER system reflects no activity by petitioner in the Ninth Circuit seeking leave to file the successive Current Federal Petition.

### III. DISCUSSION

■ Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. *Burton v. Stewart,* 549 U.S. 147, 152–53, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin,* 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *see also Reyes v. Vaughn,* 276 F.Supp.2d 1027, 1028–30 (C.D.Cal.2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing *United States v. Allen,* 157 F.3d 661, 664 (9th Cir.1998)), *cert. denied,* 538 U.S. 984, 123 S.Ct. 1793, 155 L.Ed.2d 677 (2003).

■ The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. section 2244(b), *i.e.,* that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable

factfinder would have found the applicant guilty of the underlying offense. *Nevius v. McDaniel,* 104 F.3d 1120, 1120–21 (9th Cir.1997); *Nevius v. McDaniel,* 218 F.3d 940, 945 (9th Cir.2000).

■ A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. *See Slack v. McDaniel,* 529 U.S. 473, 485–487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (second habeas petition not "successive" if initial habeas petition dismissed as "mixed" petition containing exhausted and unexhausted claims where no claim in initial petition adjudicated on the merits); *Stewart v. Martinez–Villareal,* 523 U.S. 637, 643–645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (second habeas petition not "successive" and should be treated as re-filing of earlier claim if it raises claim originally raised in first habeas petition which claim was dismissed as premature, even though other claims in first habeas petition adjudicated on the merits);[5] *but see McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir.2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); *Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), *cert. denied,* 546 U.S. 884, 126 S.Ct. 199, 163 L.Ed.2d 189 (2005); *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); *Reyes v. United States,* 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R.Civ.P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

■ As noted above, two claims in the First Federal Petition were denied with prejudice because they had been procedurally defaulted—an adjudication which is deemed to be on the merits. *See Henderson,* 396 F.3d at 1053. The Current Petition does not raise the only claim originally raised over fourteen (14) years ago in the First Federal Petition which was dismissed as unexhausted (*i.e.,* the third claim). Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

## IV. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; (2) denying

---

5. As recognized by the Supreme Court in *Burton,* 549 U.S. at 155, 127 S.Ct. 793, the Court in *Stewart v. Martinez–Villareal* expressly declined to determine whether the filing of a claim for the first time in a petition filed after federal courts had already rejected [on the merits] an initial habeas application that had not included such claim would constitute a second or successive habeas corpus petition. 523 U.S. at 645 n. *, 118 S.Ct. 1618. *See also Ortiz–Sandoval v. Clarke,* 323 F.3d 1165, 1169 (9th Cir.2003) ("Because the claim before us was presented in [the petitioner's] first petition and because the claim was not previously adjudicated on the merits, [28 U.S.C. § 2244(b), which prohibits second or successive habeas corpus petitions] does not bar the instant petition.") (citing *Stewart v. Martinez–Villareal,* 523 U.S. at 644–45, 118 S.Ct. 1618 as holding that a claim previously presented in an original habeas petition, but not adjudicated on the merits, was not a "second or successive" petition under § 2244(b) even when other claims in the original petition had been adjudicated).

the Current Federal Petition and dismissing this action without prejudice; and (3) directing the Clerk of the Court to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).