**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN K. HENDERSON,
            *Petitioner-Appellant,*

            v.

ROBERT O. LAMPERT,
            *Respondent-Appellee.*

No. 03-35738

D.C. No.
CV-01-00042-TMC

OPINION

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, District Judge, Presiding

Argued and Submitted
September 13, 2004—Portland, Oregon

Filed January 28, 2005

Before: J. Clifford Wallace, Ronald M. Gould, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Wallace

**COUNSEL**

Barbara L. Creel, Assistant Federal Public Defender, Portland, Oregon, for the petitioner-appellant.

Hardy Myers, Attorney General for Oregon, Mary H. Williams, Solicitor General for Oregon, and Timothy A. Sylwester, Assistant Attorney General, Salem, Oregon, for the respondent-appellee.

---

**OPINION**

WALLACE, Senior Circuit Judge:

State prisoner Henderson appeals from the district court's judgment denying his habeas petition. The district court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. Because the petition raises the same claims Henderson raised in an earlier petition that was dismissed on grounds of state procedural default, and because he cannot now challenge the grounds on which the first petition was dismissed, the current petition is a "second or successive" petition barred by 28 U.S.C. § 2244(b)(1). We therefore affirm.

I.

In 1990, Henderson pled guilty to murder in Oregon state court. Believing that it was without discretion to do otherwise, the state court sentenced Henderson to 121 months in accordance with his plea agreement. However, after conducting further research, the state court judge concluded that he could have imposed a higher sentence. He therefore, on his own motion, ordered Henderson and the prosecutor back into court, vacated the sentence, and reassigned the case to another judge for resentencing.

Henderson filed a motion seeking reinstatement of the 121-month sentence. The court (with a new judge presiding) rejected Henderson's arguments, affirmed the order vacating the sentence, explained that Henderson could be sentenced to up to 25 years, and gave him the option to withdraw his plea. Henderson reaffirmed his guilty plea, and the court scheduled a new sentencing hearing. The court subsequently sentenced Henderson to life in prison with a mandatory minimum of 25 years, to be followed by a lifetime of post-prison supervision. Henderson appealed.

The Oregon Court of Appeals affirmed the conviction but remanded the case for resentencing. *State v. Henderson*, 843 P.2d 459 (Or. Ct. App. 1992). On the state's motion for reconsideration, the court of appeals determined that it was without authority to review Henderson's claim "that the court erred in sentencing him," vacated the remand order, and affirmed the sentence. *State v. Henderson*, 861 P.2d 406, 407 (Or. Ct. App. 1993) (per curiam). On Henderson's petition for state post-conviction relief, the court held that Henderson's sentence exceeded the maximum allowed by law and remanded for resentencing, but otherwise denied all of Henderson's claims. Henderson appealed from the post-conviction judgment, but the Oregon Court of Appeals dismissed the appeal because he failed to file a brief.

The parties returned to the court for sentencing in accordance with the post-conviction remand order. Henderson was resentenced to a 25-year prison sentence with a lifetime of post-prison supervision (which was the same sentence he received in the first resentencing, minus the indeterminate life prison term). Henderson appealed from this second resentencing (Resentencing Appeal), but the court of appeals affirmed. *State v. Henderson*, 932 P.2d 577 (Or. Ct. App. 1997).

Throughout these various state proceedings, Henderson never raised any claim pursuant to the Double Jeopardy Clause.

In 1996, while the Resentencing Appeal was still pending, Henderson filed his first section 2254 federal habeas petition (First Petition). It alleged that Henderson's rights under the Double Jeopardy Clause were violated when his original 121-month sentence was vacated and he was resentenced to 25 years to life. In the First Petition, Henderson answered "yes" to a question asking whether he had "any petition or appeal now pending in any court, either state or federal, as to the judgment under attack." No description of this proceeding was included in the First Petition, so it is unclear whether he was referring to the appeal from the post-conviction judgment (which had been dismissed for failure to file a brief), the Resentencing Appeal, or some other proceeding.

The magistrate judge's 1996 order required the state to include, in its answer to the First Petition, a "statement as to whether petitioner has exhausted all available state remedies," as required by Rule 5 of the Rules Governing Section 2254 Cases. The state did so and moved to deny habeas corpus relief, arguing that Henderson had procedurally defaulted all his claims. The state outlined most of the proceedings discussed above, with one exception: the state did not mention the Resentencing Appeal, which was still pending at that time. Nothing in the record, however, suggests that the state's omission was intentional. Henderson's filings in opposition to the state's motion to deny habeas relief also did not mention the Resentencing Appeal.

The magistrate judge then issued an order permitting additional briefing because "[i]t appear[ed] from the record that petitioner has procedurally defaulted on his claims" and Henderson had not addressed the issue of procedural default. In his supplemental brief, Henderson again failed to mention the Resentencing Appeal. Rather, citing the state's answer to the First Petition, he stated that he "has no remaining state remedies on the issues he raises in this habeas corpus proceeding," but contended that cause and prejudice existed to excuse the procedural default. The magistrate judge recommended that

the First Petition be denied because Henderson had procedurally defaulted on his claims and had failed to establish cause for the procedural default. Henderson's objections to the magistrate's findings and recommendation again did not mention the Resentencing Appeal. The district court adopted the magistrate judge's findings and recommendation and denied the First Petition. Henderson did not appeal the district court's decision.

Henderson then filed a petition for habeas corpus relief in the Oregon state court alleging, among other things, that the state violated the Double Jeopardy Clause. The state court dismissed the petition, and the court of appeals affirmed, *Henderson v. Lampert*, 4 P.3d 776 (Or. Ct. App. 2000), both without opinion. Henderson then filed the current federal habeas petition, again asserting the same violation of his rights under the Double Jeopardy Clause (Current Petition) and arguing that he had exhausted that claim by asserting it in the state habeas petition. The state moved to deny federal habeas corpus relief, contending, among other things, that because the First Petition was dismissed on grounds of state procedural default, the Current Petition was a successive petition barred by 28 U.S.C. § 2244(b). The district court agreed, dismissed the Current Petition, and issued a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) on the question of "whether [the Current Petition] is a 'second or successive petition.' "

## II.

We review de novo a district court's determination that a habeas petition is "second or successive" for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998) (en banc); *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002); *United States v. Orozco-Ramirez*, 211 F.3d 862, 865 (5th Cir. 2000).

**[1]** Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." In challenging the district court's determination that the Current Petition is barred by section 2244(b)(1), Henderson makes two primary arguments. First, he contends that the Current Petition should not be treated as successive because the district court did not reach the merits of the claims in the First Petition. Second, he argues that even if a dismissal on grounds of state procedural default renders a later petition successive, we should consider the First Petition as having been dismissed as unexhausted in deciding whether the Current Petition is successive. He points out that the district court addressing the First Petition was unaware that the Resentencing Appeal was still pending at the time the First Petition was filed, and he argues that the First Petition should have been dismissed as unexhausted rather than procedurally defaulted because he (supposedly) still had state remedies available. His argument continues that if the First Petition had in fact been dismissed as unexhausted, section 2244(b)(1) would not bar the Current Petition, because "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

Thus, in order to resolve this appeal, we answer two questions. First, does the dismissal of a first petition on grounds of state procedural default render a later petition raising the same claims "second or successive" for purposes of AEDPA? If so, we must next consider whether a petitioner — who did not appeal the first dismissal — can nonetheless challenge the grounds for the first dismissal when bringing a second petition, in order to avoid the second petition being deemed successive.

### A.

**[2]** We first address whether a habeas petition filed after a previous petition is dismissed for state procedural default is

"second or successive" for purposes of AEDPA. "AEDPA does not define the terms 'second or successive.'" *Hill v. Alaska*, 297 F.3d 895, 897 (9th Cir. 2002). "That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Id.* at 898. Rather, the phrase "is a term of art given substance in . . . prior habeas corpus cases." *Slack*, 529 U.S. at 486. *See Barapind v. Reno*, 225 F.3d 1100, 1111-12 (9th Cir. 2000) (stating that not all "multiple collateral attacks [are] 'second or successive'" and discussing the case law).

**[3]** In the pre-AEDPA decision of *Howard v. Lewis*, 905 F.2d 1318 (9th Cir. 1990), we held "that the dismissal of a federal habeas petition on the ground of state procedural default is a determination 'on the merits' for the purposes of the successive petition doctrine." *Id.* at 1323. We stated that "[w]hile a court, in dismissing a petition because of state procedural default (and a failure to show cause and prejudice), is *not* determining the merits of the underlying claims, it *is* making a determination on the merits that the underlying claims *will not* be considered by a federal court for reasons of comity." *Id.* at 1322. We further explained why "a dismissal for failure to exhaust state remedies is distinguishable from a dismissal for state procedural default":

> [When a claim is dismissed as unexhausted], the state courts have not rendered a decision regarding the merits of defendant's claims, but the opportunity is still open for the defendant to obtain a disposition on the merits of his or her claims in the state courts. After exhausting state court remedies, a subsequent federal petition for habeas corpus could be entertained while preserving the principles of federal-state comity. In the case of state procedural default, a state court has not rendered a decision regarding the merits of the defendant's claims, but the defendant has no further opportunity to obtain a disposition on the merits of his or her claims in the state courts. In a

subsequent petition raising the same claims that were dismissed previously on the basis of state procedural default, the interest underlying the dismissal of the first petition, i.e., federal-state comity, is still present.

*Id.* at 1322-23.

**[4]** We may look to pre-AEDPA decisions involving the successive petition doctrine to interpret AEDPA's provisions on successive petitions. *See Slack*, 529 U.S. at 486 (analyzing whether petition was "second or successive" under pre-AEDPA law, but stating that Court did "not suggest the definition of second or successive would be different under AEDPA"). There is no reason why *Howard* should be any less valid post-AEDPA, especially because, as the Second Circuit has stated, AEDPA has only "strengthened" the "petition-limiting rules" interpreted in *Howard* and similar pre-AEDPA decisions. *Carter v. United States*, 150 F.3d 202, 205 (2d Cir. 1998) (per curiam). We therefore reaffirm *Howard* and join the Second Circuit in holding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." *Id.* at 205-06.

### B.

We next consider Henderson's contention that the Current Petition is not successive because the First Petition should have been dismissed as unexhausted rather than procedurally defaulted.

**[5]** In a similar appeal, we rejected the argument that a petition should not be deemed successive because the district court that dismissed an earlier petition "should have" done something other than it actually did, and the petitioner had not appealed in the earlier proceedings. In *Cooper v. Calderon*,

274 F.3d 1270 (9th Cir. 2001) (per curiam), the appellant argued that a claim was not successive because he had raised it in motions for reconsideration of the denial of an earlier petition, and that the district court had "erroneously" denied those motions as "ambiguous." *Id.* at 1274. That is, he argued that the district court should have addressed the claim because it was properly presented in the motions, and that the district court's failure to do so should not count against him in determining whether his later petition was successive. We disagreed, stating that "[e]ven assuming that the district court misconstrued his motions for reconsideration, . . . Cooper did not appeal the denial of these motions." *Id.*

**[6]** Decisions from other circuits, both pre- and post-AEDPA, also suggest that Henderson's failure to appeal the dismissal of the First Petition precludes him from challenging that dismissal now. In *Hawkins v. Evans*, 64 F.3d 543 (10th Cir. 1995), the petitioner's first petition had been dismissed on the ground of state procedural default, but the petitioner did not appeal from the judgment. *Id.* at 545. After his second petition was dismissed as successive, the petitioner appealed and argued, among other things, that "the ineffective assistance of his trial counsel constituted sufficient cause to excuse his procedural default in state court." *Id.* at 546 n.2. The Tenth Circuit disagreed, stating:

> Petitioner did not appeal the district court's dismissal of his first federal habeas petition. By so doing, Petitioner did not challenge the district court's ruling that he procedurally defaulted in state court without cause when he failed to directly appeal his conviction. *Because Petitioner did not appeal the federal district court's ruling of state procedural default, we reject his attempts to collaterally attack that unappealed final order in this proceeding* by arguing that he had cause to excuse the state procedural default.

*Id.* (emphasis added). *See also Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (court would not consider whether

denial of relief would cause petitioner prejudice because "the issue of prejudice has already been adjudicated by the district court's dismissal of [petitioner's] first habeas petition as procedurally defaulted [and petitioner] has never appealed this"; AEDPA bar on successive petitions therefore applied); *Vancleave v. Norris*, 150 F.3d 926, 928-29 (8th Cir. 1998) (where first petition was dismissed after counsel amended petition to drop all pro se claims, and petitioner did not appeal the dismissal of the first petition, later petition including some of the previously abandoned claims was "second or successive" even though petitioner argued that the claims were improperly abandoned without his consent); *Bannister v. Delo*, 100 F.3d 610, 624 (8th Cir. 1996) (following *Hawkins*). These authorities aptly state the rule that a petitioner who fails to appeal the dismissal of an earlier petition cannot evade the rules governing successive petitions by seeking to relitigate the earlier dismissal.

This rule is not necessarily absolute, as our own decision in *Howard* demonstrates. There, Howard's first petition had been dismissed on grounds of state procedural default, and Howard had not appealed that dismissal. 905 F.2d at 1320. However, he claimed that state officials "prevented" his attempts to mail a response to the state's motion to dismiss the first petition, and that he had not received timely notice of the dismissal of that petition. *Id.* at 1323. We held that if Howard could prove these allegations on remand, his "successive petition should not be dismissed." *Id.* at 1324.

*Howard* will not help Henderson. He was not "prevented" from responding to the state's arguments that the claims in the First Petition were procedurally defaulted. On the contrary, the magistrate judge allowed Henderson to submit a supplemental brief on that very question. In effect, Henderson asks us to hold that the state "prevents" a petitioner's response when it fails to inform the district court accurately of the petitioner's state proceedings. *See* Rule 5, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (requiring answer to

a habeas petition to "state whether any claim in the petition is barred by a failure to exhaust state remedies"); *Granberry v. Greer*, 481 U.S. 129, 134 (1987) ("When the State answers a habeas corpus petition, it has a duty to advise the district court whether the prisoner has, in fact, exhausted all available state remedies"). Whether *Howard* should apply where a state intentionally misleads the district court about the petitioner's state remedies (a question we do not decide), we will not apply it where, as here, there is nothing in the record to suggest an intentional Rule 5 violation, and the petitioner had the opportunity to correct the state's error but failed to do so.

**[7]** In this case, we will not look beyond the stated basis for the dismissal of the First Petition in deciding whether the Current Petition is second or successive. "Because [Henderson] did not appeal the federal district court's ruling of state procedural default, we reject his attempts to collaterally attack that unappealed final order in this proceeding by arguing that" the claims in the First Petition were actually unexhausted rather than procedurally defaulted. *Hawkins*, 64 F.3d at 546 n.2. We therefore do not reach the state's argument that the First Petition was properly dismissed for state procedural default even though the Resentencing Appeal was still pending at the time Henderson filed the First Petition.

## III.

Henderson also offers two additional arguments why the Current Petition should not be classified as "second or successive." First, he contends that "the district court [addressing the First Petition] was obligated to inform him, as a *pro se* litigant, of his options with respect to his unexhausted claims," even though it did not have any reason to think they were unexhausted. Neither of the two decisions upon which he relies support that novel argument. The first, *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir. 2003), held that a district court erred by failing to inform a petitioner of his options with respect to a petition containing both exhausted and unex-

hausted claims. *Id.* at 1097-1100. Our decision in *Ford*, however, was vacated by the Supreme Court. *See Pliler v. Ford*, 124 S. Ct. 2441, 2446 (2004) (holding that "district judges are not required to give *pro se* litigants" the warnings prescribed in the Ninth Circuit's decision). Nor does *Castro v. United States*, 540 U.S. 375 (2003), help Henderson, as it holds only that a district court must give certain warnings to a pro se litigant before "recharacteriz[ing]" a motion as a section 2255 petition. *Id.* at 377. Here, Henderson himself "characterized" the First Petition as a section 2254 petition.

Henderson's second argument is that the state should be equitably estopped from relying on AEDPA's bar on successive petitions because it failed to inform the district court of the Resentencing Appeal in the proceedings related to the First Petition. However, a party claiming estoppel must show, among other things, that his reliance on his adversary's conduct was "reasonable in that the party claiming the estoppel did not know *nor should it have known* that its adversary's conduct was misleading." *Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 59 (1984) (emphasis added). Here, Henderson should have known that his own Resentencing Appeal was still pending when the First Petition was filed.

**AFFIRMED**.