**Florentino Reyes SANTANA,
Petitioner–Appellant,**

v.

**Terry STEWART; et al., Respondents–
Appellees.**

**No. 06–15918.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Florentino Reyes Santana, Florence, AZ, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the Arizona Attorney General, Tucson, AZ, David A. Sullivan, for Respondents–Appellees.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Florentino Reyes Santana, an Arizona state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We vacate the district court's judgment and remand with instructions to dismiss Santana's petition for lack of jurisdiction.

Claims raised in Santana's 1991 federal habeas petition were adjudicated on the merits, thereby making the instant petition "second or successive." *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (holding that a denial of federal habeas relief on the grounds of procedural default constitutes a disposition on the merits and renders a subsequent federal habeas petition "second or successive"). Because Santana failed to obtain authorization from this court to file a "second or successive" petition prior to filing the instant petition with the district court in 2001, *see* 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to entertain that petition. *See Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 799, 166 L.Ed.2d 628 (2007).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

VACATED and REMANDED with instructions to dismiss for lack of jurisdiction.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.