**Theresa Annette TORRICELLAS, Petitioner–Appellant,**

v.

**Dawn DAVIDSON; et al., Respondents–Appellees.**

**No. 06–56499.**

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 22, 2008.

Theresa Annette Torricellas, pro se.

Raquel M. Gonzalez, AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: PREGERSON, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Theresa Annette Torricellas appeals pro se from the district court's denial of her motion for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reconsideration of its order denying her 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo, Henderson v. Lampert,* 396 F.3d 1049, 1052 (9th Cir. 2005), and we affirm.

We lack jurisdiction to entertain any contention relating to the district court's August 2, 2006, judgment denying Torricellas's 28 U.S.C. § 2254 petition because she did not file her notice of appeal until October 16, 2006, well after the 30–day period for filing a notice of appeal had expired. *See* Fed. R.App. P. 4(a)(1)(A) (establishing a 30–day period for filing a notice of appeal in a civil case). Because Torricellas filed her motion for reconsideration 11 court days after the district court entered judgment, the motion did not toll the time for filing a notice of appeal. *See* Fed. R.App. P. 4(a)(4); *Fiester v. Turner,* 783 F.2d 1474, 1475 (9th Cir.1986). Respondent's failure to object to the untimely filing of the motion itself does not excuse the untimely filing of her notice of appeal of the August 2, 2006, judgment. *See id.* at 1475–76. Furthermore, the Supreme Court has abolished the "unique circumstances" exception to the filing deadline for notices of appeal. *See Bowles v. Russell,* —— U.S. ——, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). We reject Torricellas' contention that her September 8, 2006 motion to the expand the record should be construed as a motion for an extension of time. *See* Fed. R.App. P. 4(a)(5); *Malone v. Avenenti,* 850 F.2d 569, 571–72 (9th Cir.1988).

Finally, because Torricellas's motion for reconsideration sought only to revisit the district court's denial on the merits of her claims for relief, the motion should be treated as a successive § 2254 petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 532, 538, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Because Torricellas did not obtain authorization to file a successive § 2254 petition, the district court lacked jurisdiction to consider the motion. *See* 28 U.S.C. § 2244(b)(3); *Gonzalez,* 545 U.S. at 538, 125 S.Ct. 2641.

**AFFIRMED.**