**Quincy ROBERTSON, Petitioner— Appellant,**

v.

**D.L. RUNNALS; et al., Respondents— Appellees.**

No. 08–15173.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2009.

Filed Feb. 2, 2009.

Juliana Drous, Esquire, San Francisco, CA, for Petitioner–Appellant.

Gregory Ott, Esquire, Deputy Attorney General, Jill M. Thayer, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: FARRIS, NOONAN and McKEOWN, Circuit Judges.

## MEMORANDUM *

■ Robertson argues that his Sixth Amendment right to a jury trial was violated in that the jury did not decide whether he acted with malice. Robertson's appeal questions the elements of second degree felony murder. Under California law, malice is not an element of second degree felony murder. *People v. Robertson,* 34 Cal.4th 156, 165, 17 Cal.Rptr.3d 604, 95 P.3d 872 (2004). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1996). The appeal raises solely a state law issue.

■ Robertson also argues that the California Supreme Court, in its ruling, unforeseeably and retroactively expanded the second degree felony-murder merger rule. "An unforeseeable judicial enlargement of a criminal statute, applied retroactively, violates the [Fourteenth Amendment] right to fair warning of what constitutes criminal conduct." *Clark v. Brown,* 442 F.3d 708, 721 (9th Cir.2006). To demonstrate a Fourteenth Amendment violation, Robertson must show that the California Supreme Court's holding was unforesee-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

able because it was "unexpected and indefensible by reference to" the state Supreme Court's discussion of second degree felony murder in the most recent relevant case on the topic, *People v. Hansen,* 9 Cal.4th 300, 36 Cal.Rptr.2d 609, 885 P.2d 1022 (1995). *Rogers v. Tennessee,* 532 U.S. 451, 457, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001). Robertson failed to carry this burden.

**AFFIRMED.**

NOONAN, Circuit Judge, concurring:

The issues presented to us, a federal court of appeals, are in essence state issues. The facts show a law-abiding person converted into a felon in a few moments of provoked anger and excitement. We cannot change the facts or alter the law. I can and do express regret at the rigor of the law.