FOR PUBLICATION
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONNIE MCNABB,

                    *Petitioner,*

        v.

JAMES A. YATES, Warden,

                    *Respondent.*

No. 09-71089

ORDER

Filed August 11, 2009

Before: William C. Canby, Jr., Sidney R. Thomas and
Sandra S. Ikuta, Circuit Judges.

## ORDER

Petitioner Ronnie McNabb seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court. *See* 28 U.S.C. § 2244(b). The district court dismissed McNabb's first section 2254 habeas corpus petition as time-barred under § 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be "second or successive" for purposes of 28 U.S.C. § 2244(b).

A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A disposition is "on the merits" if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court. *See Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir. 1990).

A prior petition that has been dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation and has not, therefore, been adjudicated on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). In contrast, the dismissal of a first petition with prejudice because of a procedural default (and a failure to show cause and prejudice) forecloses the possibility that the underlying claims will be addressed by a federal court. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). Such a dismissal therefore constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b). *Id.*

Similarly, dismissal of a first habeas petition for untimeliness presents a "permanent and incurable" bar to federal review of the underlying claims. *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005). We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b).[1]

We deny McNabb's application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court.[2] McNabb has not made a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review

---

[1]*But cf. Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005) (a "Rule 60(b) motion [that] challenges only [a] District Court's previous ruling on the AEDPA statute of limitations . . . is not the equivalent of a successive habeas petition"); *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009) (Rule 60(b)(6) motions in habeas petitions are reviewed on a case-by-case basis to determine whether the motion should be construed as a second or successive habeas petition).

[2]McNabb's motions for leave to file a belated brief in support of his application and for judicial notice are granted.

by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

No petition for rehearing or motion for reconsideration of the denial of the application to file a second or successive § 2254 petition shall be filed or entertained in this case. *See* 28 U.S.C. § 2244(b)(3)(E).

**DENIED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.