FILED
United States Court of Appeals
Tenth Circuit

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEXTER LEEMON JOHNSON,

      Petitioner - Appellant,

v.

RANDAL WORKMAN, Warden,

      Respondent - Appellee.

No. 11-7062
(D.C. No. 6:10-CV-00107-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

      Dexter Johnson, an Oklahoma state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his unauthorized second

or successive 28 U.S.C. § 2254 petition.  We deny his request for a COA and dismiss this

matter.

      On April 15, 1996, Mr. Johnson was convicted in Oklahoma state court on one

count of shooting with intent to kill.  The Oklahoma Court of Criminal Appeals affirmed

---

      *This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his conviction on April 22, 1997. *See Johnson v. State*, No. F-96-482 (Okla. Crim. App. Apr. 22, 1997). Mr. Johnson did not file a petition for certiorari to the United States Supreme Court and his conviction became final on July 21, 1997.

On April 22, 1999, Mr. Johnson filed a state application for post-conviction relief. The state district court denied his application on August 10, 1999. On November 26, 2002, Mr. Johnson filed his first § 2254 petition for habeas relief challenging his state court conviction. The United States District Court for the Eastern District of Oklahoma denied his petition, concluding it was time-barred under the one-year statute of limitations for filing a § 2254 petition.[1] *See* 28 U.S.C. § 2244(d)(1). Mr. Johnson did not appeal.

On March 29, 2010 Mr. Johnson filed a second § 2254 petition challenging his state court conviction in the same federal district court. The court dismissed his petition.

---

[1] The dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Murphy v. Klein Tools, Inc.,* 935 F.2d 1127, 1128-29 (10th Cir.1991) (holding that "a dismissal on limitations grounds is a judgment on the merits"); *see also Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (quotations omitted)); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b).").

In so doing, the court concluded that, in light of the dismissal of Mr. Johnson's first § 2254 action, his second petition was an unauthorized "second and successive" petition for relief. *See* 28 U.S.C. § 2244(b). Further, because it concluded that the claims alleged in Mr. Johnson's second § 2254 petition were time-barred, the district court declined to transfer the petition to this court under 28 U.S.C. § 1631.

Mr. Johnson filed a timely notice of appeal and a request for a COA.

The granting of a COA is a jurisdictional prerequisite to Mr. Johnson's appeal from the district court's denial of his § 2254 petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where, as here, the district court dismisses a petition on procedural grounds, we will grant a COA only if the petitioner can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Before a state prisoner may file a second or successive petition under § 2254, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "When a second or successive § 2254 [petition] is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). "Factors considered in deciding whether a transfer is in the interest of justice

include whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251.

Here, the district court determined it would not be in the interest of justice to transfer Mr. Johnson's successive § 2254 petition because his claims are time-barred under the one-year statute of limitations for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1).

Mr. Johnson contends that the district court clearly erred in concluding that his claims are time-barred. He argues that the statute of limitations for filing his § 2254 petition was tolled pursuant to 28 U.S.C. § 2244(d)(2) when he filed his state application for post-conviction relief. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See also May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) ("The one-year period of limitation for filing a federal habeas petition is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period."). We have previously explained that under § 2244(d)(2), "[o]nly state petitions for post-conviction relief filed *within the one year allowed by AEDPA* will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (emphasis added).

Mr. Johnson did not file his state petition for post-conviction relief until April 22,

1999, well after expiration of the one-year period for filing his § 2254 petition. Accordingly, section 2244(d)(2) does not apply to his § 2254 petition. Additionally, after reviewing Mr. Johnson's brief and the record, we do not find any basis for equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (noting that in "rare and exceptional circumstances," the one-year limitations period for filing a § 2254 petition is subject to equitable tolling).

Mr. Johnson's brief does not address the district court's determination that his second § 2254 petition was an unauthorized successive petition. After reviewing the record and the district court's order, we are not persuaded that jurists of reason would find the district court's ruling debatable. We therefore hold that Mr. Johnson has failed to establish that he is entitled to a COA.

For these reasons, we DENY Mr. Johnson's request for a COA and DISMISS this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge