FILED

MAR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE REMSEN, | No. 09-15756 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00447-FCD-EFB |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA; JAMES E. TILTON; JAMES DAVIS; M. MARTEL; ARNOLD SCHWARZENEGGER, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted December 27, 2011[**]
San Francisco, California

Before: FARRIS, BEEZER, and LEAVY, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lawrence Remsen appeals pro se the district court's order dismissing his petition for habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 1291. The facts of the case are known to the parties. We repeat them only as necessary.

The Antiterrorism and Effective Death Penalty Act (AEDPA) bars the filing of second or successive petitions unless the prisoner has obtained an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A)–(E). If a prisoner fails to obtain such an order, the district court lacks jurisdiction to consider the petition and should dismiss it. *Burton v. Stewart*, 549 U.S. 147, 157 (2009) (per curium).

Remsen filed a federal habeas petition in 2002, which was dismissed as untimely under 28 U.S.C. § 2244(d)(1). This constitutes a dismissal on the merits under AEDPA, *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009), making the 2002 petition Remsen's first federal habeas petition for the purposes of AEDPA's bar on second petitions. Therefore when Remsen sought to file the instant petition in 2008, he was obligated to obtain an order from this court authorizing the filing. The district court correctly held that his failure to do so meant that it lacked

2

jurisdiction to consider the petition. Accordingly, the judgment of the district court is affirmed. Remsen's pending motion to take judicial notice is denied as moot.

**AFFIRMED**