**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LEONETTI, | No. 10-15817 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00180-PMP-LRL |
| v. | |
| BRIAN WILLIAMS; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted February 15, 2012
San Francisco, California

Before: HUG, B. FLETCHER, and PAEZ, Circuit Judges.

Petitioner - Appellant Michael Leonetti ("Leonetti") appeals the dismissal

with prejudice of his pro se federal habeas petition under 28 U.S.C. § 2254. The

district court held that under 28 U.S.C. § 2244(b), the petition Leonetti submitted

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

in 2010 (the "2010 petition") was a successive petition because Leonetti previously filed a petition challenging the same conviction in 2007 (the "2007 petition"). The district court had previously dismissed the 2007 petition under Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4") for failure to state a cognizable claim for habeas relief. We have jurisdiction under 28 U.S.C. § 2253. We reverse and remand.

We review de novo the district court's denial of a habeas petition, *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008), and also its determination that a habeas petition is "second or successive" for purposes of the Antitterrorism and Effective Death Penalty Act ("AEDPA"). *Henderson v. Lampert*, 396 F.3d 1049, 1052 (9th Cir. 2005). A district court's dismissal of a petition as containing successive claims is reviewed for abuse of discretion. *Woods*, 525 F.3d at 888.

The AEDPA requires that a "second or successive"[1] § 2254 petition be dismissed unless it meets certain exceptions. 28 U.S.C. § 2244(b). "That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Henderson*, 396 F.3d at 1053. Instead, a habeas petition may be denied as second or successive only when the prior petition was or could have been decided on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see Sanders v. United States*, 373 U.S. 1, 15–17 (1963) (holding that a district court could only use the prior determination to deny a subsequent petition when the prior determination was on the merits). Generally, a district court's dismissal is on the merits if the district court "considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb*, 576 F.3d at 1029. Dismissal due to a deficiency in the pleadings, however, is not a determination of the legality of the petitioner's

---

[1] "AEDPA does not define the terms 'second or successive.'" *Henderson*, 396 F.3d at 1053 (quoting *Hill v. Alaska*, 297 F.3d 895, 897 (9th Cir. 2002)). Rather, they are terms of art that incorporate the equitable abuse of the writ doctrine. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (defining "second or successive" as a "term of art" and suggesting that the definition would be the same under AEDPA as under pre-AEDPA law); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (finding that § 2244 codified the equitable abuse of the writ doctrine); *Henderson*, 396 F.3d at 1053 ("We may look to pre-AEDPA decisions involving the successive petition doctrine to interpret AEDPA's provisions on successive petitions.").

detention and is not an adjudication on the merits. *Sanders*, 373 U.S. at 19; *see Dellenbach v. Hanks*, 76 F.3d 820, 822–23 (7th Cir. 1996) (holding that a dismissal based on general implausibility or on a deficiency in the pleadings is not on the merits and does not create a § 2244 bar to filing a new petition).

Here, the district court erred in dismissing the 2010 petition as a successive petition. The 2010 petition is not a successive petition subject to § 2244(b) because the district court did not reach the merits of the 2007 petition. To the contrary, the district court dismissed the 2007 petition based on deficient pleading. The district court did not state that it considered the legality of Leonetti's detention, and it did not state that it dismissed the 2007 petition "with prejudice." Further, in a January 2009 order denying a certificate of appealability, the district court explicitly stated that "[t]he Court did not reach the merits of any of petitioner's claims" when it dismissed the 2007 petition on procedural grounds.

In light of the January 2009 order, and in the absence of evidence that the district court actually considered the merits of Leonetti's detention, we decline to accept the State's invitation to presume that the dismissal of the 2007 petition was an adjudication on the merits. Because the 2007 petition was not dismissed on the merits, the district court misapplied the § 2244(b) bar and erred in dismissing the 2010 petition as a successive petition.

**REVERSED and REMANDED.**