**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSHAY JOHNSON, | No. 10-16202 |
| Petitioner - Appellant, | D.C. No. 2:08-CV-00496-MCE-KJM |
| v. | |
| VIRNAL SINGH; MATTHEW L. CATE, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Junior, Chief District Judge, Presiding

Submitted October 8, 2013[**]
San Francisco, California

Before: D.W. NELSON, M. SMITH, and IKUTA, Circuit Judges.

Oshay Johnson ("Johnson") appeals the dismissal of his petition for writ of

habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291

and 2253. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Contrary to Johnson's argument, the district court correctly concluded that Johnson failed to present new reliable evidence. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Likewise, the district court did not err in holding that Johnson's four claims of constitutional error at trial were legal arguments, and did not constitute newly presented evidence of innocence. Accordingly, the district court did not need to consider the new evidence or the four legal arguments along with evidence presented at trial.

Johnson has failed to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* Therefore, the district court properly concluded that Johnson does not satisfy the actual innocence exception to AEDPA's statute of limitations. *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928 (2013).

This case need not be remanded for an evidentiary hearing (assuming 28 U.S.C. § 2254(e)(2) does not bar a hearing in this context), because Johnson has failed to show that such a hearing would produce evidence establishing actual innocence. *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003).

**AFFIRMED**.

2