**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| QUINCY ROBERTSON,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>JAMES WALKER, Warden,<br><br>    Respondent - Appellee.<br><br><br>and<br><br>ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA,<br><br>    Respondent. | No. 12-16067<br><br>D.C. No. 4:10-cv-2633-PJH<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted April 18, 2013
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Before:  GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Petitioner Quincy Robertson appeals from the district court's order denying his 28 U.S.C. § 2254 habeas petition as second or successive.  Reviewing de novo the district court's determination that the § 2254 habeas petition is second or successive, Henderson v. Lampert, 396 F.3d 1049, 1052 (9th Cir. 2005), we conclude that Robertson's petition should be construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) and therefore vacate the district court's decision and remand.

1.  The district court erred in finding that Robertson's petition was second or successive.

On February 2, 2009, a three-judge panel of the Ninth Circuit issued a memorandum disposition affirming the district court's denial of Robertson's first § 2254 petition.  Robertson v. Runnals, 310 F. App'x 957 (9th Cir. 2009) (unpublished).  The panel rested its decision on California law as articulated by the California Supreme Court in Robertson's direct appeal, People v. Robertson, 95 P.3d 872 (Cal. 2004), which allowed a conviction for second degree felony murder to be premised upon a jury's determination that the killing was committed in the

course of discharging a firearm in a grossly negligent manner. On March 30, 2009, the California Supreme Court expressly overruled Robertson in People v. Sarun Chun, 203 P.3d 425 (Cal. 2009). But the mandate in Robertson's Ninth Circuit appeal did not issue until April 1, 2009. Therefore, by the time the mandate issued, the California law on which the panel relied had been overruled.

Given these unique facts, we order the district court to construe Robertson's second-in-time § 2254 petition as a motion under Federal Rule of Civil Procedure 60(b)(6) for reconsideration of the denial of Robertson's original federal habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (holding that a challenge to a habeas proceeding is properly brought as a Rule 60(b) motion if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings"). Robertson's petition can be construed as challenging the issuance of a mandate when the panel relied on California law that had been overruled, which is a challenge appropriately brought under Rule 60(b). See Evans v. Indep. Order of Foresters, 141 F.3d 931, 932 (9th Cir. 1998) (order) (holding that a Rule 60(b) motion can be used to challenge an underlying judgment because of an error of law); cf. Phelps v. Alameida, 569 F.3d 1120, 1132, 1134 (9th Cir. 2009) (stating that, in certain circumstances, a Rule 60(b) motion may rely on a change in law that occurred even

3

after the original decision became final). In light of the striking peculiarities of this case, construing Robertson's current petition as a Rule 60(b) motion will ensure that his originally filed petition is not dismissed "on the basis of sheer happenstance or of random bad luck." Phelps, 569 F.3d at 1123.

2. Robertson's petition, construed as a Rule 60(b) motion, is timely because it was filed "within a reasonable time." Fed. R. Civ. P. 60(c). Robertson filed a petition for habeas review with the California Supreme Court several weeks after the court's decision in Sarun Chun, and he sought our permission to file his petition in federal court two months after the California Supreme Court denied Robertson relief.

3. On remand, the district court must consider several factors to determine whether Robertson's case presents "extraordinary circumstances" that would warrant Rule 60(b) relief. These factors include: (1) whether the change in law "upset or overturn[ed] a settled legal principle"; (2) whether Robertson was diligent in seeking relief; (3) the extent of the parties' reliance interest in the finality of the case; (4) the closeness of the "relationship between the underlying decision and the now controlling precedent"; and (5) considerations of comity. Phelps, 569 F.3d at 1135-40.

**VACATED and REMANDED.**

4