**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OSHAY JOHNSON, | No. 13-17376 |
| Petitioner - Appellant, | D.C. No. 2:13-cv-00878-CKD |
| v. | |
| BRIAN DUFFY, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Submitted February 2, 2015[**]
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedential except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

O'Shay Johnson appeals from the district court's dismissal of his 2013 federal habeas petition as "second or successive" under 28 U.S.C. § 2244(b). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

Johnson first filed a petition for federal habeas relief in 2008. *See Johnson v. Sisto*, No. 2:08-cv-0496 MCE KJM P (E.D. Cal. 2008). We previously upheld the dismissal of his 2008 petition as untimely under AEDPA, finding no applicable exceptions. *See Johnson v. Singh*, 542 F. App'x 615 (9th Cir. 2013) (unpublished). After the abstract of judgment was amended in March 2011, Johnson filed his second federal habeas petition in 2013. The federal district court dismissed Johnson's 2013 habeas petition as "second or successive."

First, contrary to Johnson's assertion that a new *judgment* was entered against him when the California clerk's office amended the *abstract* of his 1993 judgment in March 2011, an amendment to an abstract is a clerical change in California, not a new judgment. *See People v. Mitchell*, 26 Cal. 4th 181, 185 (2001) ("An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."). The one and only judgment rendered in this case was the original 1993 judgment orally pronounced by the California Superior Court; Johnson was never re-sentenced, nor did the

2

California trial court ever amend the original judgment. *Cf. Wentzell v. Neven*, 674 F.3d 1124, 1125 (9th Cir. 2012) (state trial court amended *the judgment* to remove one count of conviction); *see also Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010) (re-sentencing occurred between two habeas petitions, thus second petition was not barred as "second or successive"). The Sacramento County Superior Court, itself, confirmed this to be true when it stated in its 2011 order accompanying the amended abstract: "As the court understands the sentence, this abstract clarifies, *but does not revise*, the indeterminate term."

Second, our circuit has held untimely petitions under AEDPA to be permanent, substantive bars to further suits, rather than mere technical procedural defaults that may be cured in a future habeas petition. *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Johnson's petition was untimely and will *never* ripen, thus it is not "premature." *Cf. Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998).

Finally, because the district court did not commit legal error, there was no abuse of discretion in denying Johnson's motion for reconsideration.

**AFFIRMED.**

3