**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS GARCIA-MESA, | No.   21-71147 |
| Applicant, | |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255

Argued and Submitted June 16, 2022
San Francisco, California

Before:  S.R. THOMAS, GOULD, and BEA, Circuit Judges.

Carlos Garcia-Mesa moves the Court for authorization to file a second or

successive habeas petition under 28 U.S.C. § 2255(h) or, alternatively, for remand

to the district court with instructions to treat his current petition as a first 28 U.S.C.

§ 2255 petition.  We have jurisdiction under 28 U.S.C. § 2244.  As the facts are

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

familiar to the parties, we need not recount them. As explained below, we grant Garcia-Mesa's motion and authorize a petition.

## I

Garcia-Mesa's first habeas petition, which he filed in 2005, was denied as untimely, which is a merits determination. *McNabb v. Yates*, 576 F.3d 1028, 1029–30 (9th Cir. 2009). Therefore his current petition challenging the same conviction is either second or successive for purposes of 28 U.S.C. § 2255(h).

## II

Given our determination that Garcia-Mesa's habeas petition is successive, we must decide whether to authorize the filing of the successive habeas petition under 28 U.S.C. § 2255(h). Pursuant to 28 U.S.C. § 2255(h), we must deny an application to file a second or successive petition unless, as pertinent here, the applicant has made a prima facie showing that the petition "[1] relies on [2] a new rule of constitutional law, [3] made retroactive to cases on collateral review by the Supreme Court, [4] that was previously unavailable." *Henry v. Spearman*, 899 F.3d 703, 705 (9th Cir. 2018) (quoting 28 U.S.C. § 2244(b)(2)(A)).

Garcia-Mesa's present petition challenges his firearm sentences under 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) as unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019). As the government rightly concedes, *Davis* did announce

2

a new rule of constitutional law made retroactive to cases on collateral review.

However, the government contends that Garcia-Mesa's present petition fails 28 U.S.C. § 2255(h)(2)'s requirement that the new constitutional right he asserts was "previously unavailable" to him. This is because, the government argues, the right announced in *Davis* was previously available to Garcia-Mesa under *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court held that the residual clause's definition of "violent felony" at 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness. *Id.* at 602. And indeed, the government would prevail if *Davis* was not a "new rule of constitutional law" and was instead a subsequent application of *Johnson*'s rule. But it was not. This conclusion is required by *United States v. Blackstone*, which explicitly held that the Supreme Court in *Johnson* did not announce the rule "that [18 U.S.C.] § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." 903 F.3d 1020, 1028 (9th Cir. 2018).

The government next contends that Garcia-Mesa's habeas claim fails because his actual crime of conviction, hostage taking resulting in death, is not affected by *Davis*. That may well be a valid defense on the merits. However, our task is only to decide whether the applicant has made a prima facie showing. Merits issues are best considered in the first instance by the district court.

Altogether, Garcia-Mesa has established a prima facie showing that his petition contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Accordingly, we grant his motion and authorize the filing of a second or successive habeas petition.  The panel retains jurisdiction over any subsequent appeal.

**GRANTED.**