NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMUNDO JOSE CHAGOLLA, AKA
Reymundo Chagolla,

Petitioner - Appellant,

v.

JASON SCHULTZ, Acting Warden,

Respondent - Appellee.

No. 24-6865

D.C. No.
5:23-cv-01378-CAS-BFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 1, 2025[**]
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Petitioner Raymundo Chagolla ("Chagolla") appeals the district court's

judgment dismissing with prejudice his 28 U.S.C. § 2254 habeas corpus petition

challenging his 2000 conviction of first-degree murder for the killing of Billy

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Medlin ("Medlin"). The only question in this appeal is whether the district court erred in determining that the Petition failed to satisfy the requirements for a second or successive habeas petition under § 2244(b)(2)(B). Because the district court properly found that Chagolla failed to satisfy the requirements under § 2244(b)(2)(B)(ii), we affirm.

We review de novo the district court's dismissal of Chagolla's Petition as second or successive. *Henderson v. Lampert*, 396 F.3d 1049, 1052 (9th Cir. 2005). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must make a threshold showing before they can file a second or successive habeas petition and have it considered on the merits. Pub. L. No. 104-132, 110 Stat. 1214; 28 U.S.C. § 2244(b)(1)-(2). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C § 2244(b)(1).

However, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application" may be considered under two circumstances: (1) if "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A), or (2) if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts

underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *id.* § 2244(b)(2)(B)(i)-(ii).

Like the district court, we presume without deciding that the factual predicate for Chagolla's claims could not have been discovered previously though due diligence. We review only whether the facts underlying the claims, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found Chagolla guilty of the underlying offense. *See Charboneau v. Davis*, 87 F.4th 443, 452-53 (9th Cir. 2023).

1. Chagolla first argues that the prosecution failed to turn over two material pieces of evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Chagolla argues that the prosecution failed to turn over: (1) evidence that a third party had a motive and an opportunity to murder Medlin; and (2) evidence that a witness, Horry Robertson, failed to identify Chagolla as the shooter from a six-pack photo lineup. Chagolla's third-party motive evidence relates to the "Westfall case," a case about a murder kidnapping plot involving Medlin's brother-in-law. The evidence from the Westfall case, however, suggests only that someone other than Chagolla may have had a motive to kill Medlin. But the

evidence is largely speculative and offset by the three separate eyewitnesses who saw the shooting and separately identified Chagolla as the shooter. We thus agree with the district court that Chagolla failed to show by clear and convincing evidence that Medlin's connection to the Westfall case, considered in light of all the evidence, demonstrates that no reasonable factfinder would have convicted him of murder.

The withheld identification evidence relates to Robertson, who was at the motel the night Medlin was murdered. In 2017—17 years after the murder—Robertson signed a declaration stating that the night of the murder he saw a Black man wearing a black hoodie running away from the motel and that he gave this information to the police. Robertson further stated that law enforcement presented him with "some mug shots" of Latino men and in response he reiterated that the person he saw was a Black man and thus was none of the individuals in the mug shots. This information was never provided to the defense. Robertson, however, admitted that he did not witness the shooting and provided no connection between the Black man he observed and the shooting itself, stating only that he believed that the Black man was running from the scene. Additionally, no other evidence supported or corroborated Robertson's account. Therefore, we agree with the district court that a reasonable juror could credit this testimony, harmonize it with the eyewitness testimony, and find that Chagolla was the shooter. A reasonable

juror could also discredit Robertson's testimony completely and find that Chagolla was the shooter based on the eyewitness testimony that identified Chagolla as the shooter.

In sum, the facts underlying the alleged *Brady* claims, accepted as true, fail to meet the standard under § 2244(b)(2)(B)(ii). *See Gable v. Williams*, 49 F.4th 1315, 1323 (9th Cir. 2022) (evidence of third-party guilt can only satisfy innocence standard under *Schlup v. Delo*, 513 U.S. 298 (1995), if it is sufficiently reliable, supported by other evidence, and casts serious doubt on the petitioner's guilt).

2. Chagolla next argues that his trial counsel was ineffective because he failed to interview several witnesses and present character evidence. Chagolla argues, *inter alia*, that Robertson would have informed defense counsel that he saw a Black man running from the scene, Antoine Darcell Greer and Abby Lynn Stevens would have informed defense counsel that they saw the shooter run toward a getaway car, and character witnesses including Chagolla's mother and aunt would have provided relevant information that this random act of violence did not comport with Chagolla's character. Though this evidence could provide support for Chagolla's defense, it does not clearly and convincingly demonstrate that no reasonable juror could find that Chagolla committed this murder. *See Charboneau*, 87 F.4th at 458-61 (considering new facts "in light of *all* the evidence" and finding that they fail to meet the standard under § 2244(b)(2)(B)(ii)). Accordingly, we

again agree with the district court that taking the underlying facts of this claim as true, Chagolla fails to clear the high bar of § 2244(b)(2)(B)(ii).

3.  Because Chagolla's Petition fails under § 2244(b)(2)(B)(ii), we need not reach the question of whether it was sufficient under § 2244(b)(2)(B)(i).  *See Charboneau*, 87 F.4th at 444.  We also decline to reach the question of whether the Petition is barred by § 2244(d)(1)(D).

**AFFIRMED.**